FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2016 DEC 22 PM 12: 24
ORLANDO DIVISION

MIDDLE
ORLAN...

RANDALL BROCIUS, on behalf of
herself and those similarly situated,

   Plaintiff,

vs.

FREEMAN SECURITY SERVICES,
INC., a Florida Corporation,

   Defendant.  /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RANDALL BROCIUS on behalf of himself and those similarly situated, by and through the undersigned attorney, sue the Defendant, FREEMAN SECURITY SERVICES, INC., a Florida Corporation, and alleges:

1. Plaintiff, RANDALL BROCIUS, on behalf of himself and those similarly situated, was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## JURISDICTION AND VENUE

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

4. Plaintiff was an employee who worked for the Defendant within the last

three years in Orange County, Florida.

5. Defendant, FREEMAN SECURITY SERVICES, INC., is a Florida Corporation that operates and conducts business, among others, in Orange County, Florida and is therefore, within the jurisdiction of this Court.

## COVERAGE

6. At all material times relevant to this action, Defendant, FREEMAN SECURITY SERVICES, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

7. During Plaintiff's employment with Defendant, Defendant, FREEMAN SECURITY SERVICES, INC., earned more than $500,000 per year in gross sales. Defendant, FREEMAN SECURITY SERVICES, INC., employed over 100 employees and paid these employees plus earned a profit from their business.

8. During Plaintiffs' employment, Defendant, FREEMAN SECURITY SERVICES, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as, audio/video recording technology, body recorders, patrol vehicles, radio communication equipment, GPS tracking devices, and other items used to run the business. See Exhibit "A" Darren Freeman LinkedIn Profile. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## PARTIES

9. Plaintiff, RANDALL BROCIUS, worked for Defendant from approximately January 2014 to June 2016 as an hourly paid security guard.

10.     Plaintiff, RANDALL BROCIUS, was paid an hourly wage of $8.05 per hour.

11.     Defendant, FREEMAN SECURITY SERVICES, INC., provides armed and unarmed security services throughout the State of Florida. Defendant utilizes certified law enforcement officers to provide security to residential and commercial properties. See www.FreemanSecurityServices.com/about

## GENERAL ALLEGATIONS

12.     On or about September 30, 2015, Plaintiff and Defendant (the "parties") executed an Independent Contractor Agreement ("ICA"). See attached Exhibit "B."

13.     Plaintiff, RANDALL BROCIUS, and those similarly situated, allege the ICA misclassifies employees as independent contractors.

14.     Per the ICA, Plaintiff is required to engage in mediation to resolve any controversy between the parties. Should the controversy be left unresolved, the parties are required to submit to binding arbitration. See paragraph "18. Mediation and Arbitration" of Exhibit "B."

15.     Several opt-in plaintiffs, including RANDALL BROCIOUS, will be prejudiced by scheduling and conducting mediation. Specifically, the Statute of Limitations under the FLSA is running or will run for one or more plaintiff in this cause of action.

16.     The undersigned counsel has made efforts to secure a tolling agreement while the parties submit to mediation. However, counsel for FREEMAN SECURITY SERVICES, INC. is not agreeable to tolling the statute of limitations for any length of

time.

17.     Additionally, the undersigned counsel has made efforts to reach an agreement with Defendant to sever certain clauses in the ICA that contradict the FLSA in an effort to proceed to arbitration. Specifically, the ICA provides that attorney's fees and costs of the arbitration shall be borne by the losing party. Such clause is contradictory to the FLSA fee statute and alters the plaintiffs' statutory rights. However, counsel for FREEMAN SECURITY SERVICES, INC. is not agreeable to sever any clause of the ICA.

18.     At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff and those similarly situated employees, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

19.     During his employment with Defendant, Plaintiff, and those similarly situated employees were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20.     Specifically, Defendant would compensate Plaintiff, and those similarly situated employees, at their straight time rate for overtime hours worked.

21.     Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime wages as described above.

22.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated employees, are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff, and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During their employment with Defendant, Plaintiff, and those similarly situated employees, worked overtime hours but were not paid time and one-half compensation for same.

26. Specifically, Plaintiff, and those similarly situated employees, were misclassified as independent contractors and therefore were only compensated at their regular rate for overtime hours worked.

27. Defendant did not have a good faith basis for their decision not to pay Plaintiff, and those similarly situated employees, full overtime compensation.

28. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated employees, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

## DEMAND FOR JURY TRIAL

30. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for unpaid overtime compensation, liquidated damages equal to the overtime award or alternatively, awarding pre-judgment interest, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

_____
Matthew R. Gunter, Esq.
FBN 77459
Aaron M. Hines, Esq.
FBN 81690
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 867-4791
Email:      mgunter@forthepeople.com
            ahines@forthepeople.com
Trial Attorneys for Plaintiff